**EXHIBIT B**

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
05/05/2022 - 10:08AM
Linda Myhre Enlow
Thurston County Clerk

SUPERIOR COURT OF WASHINGTON FOR THURSTON COUNTY

| | |
|---|---|
| CAMERON ATHAY AND JESSICA ATHAY, husband and wife, and the marital community comprised thereof,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, MATTHEW CAMMER, in his individual capacity, AND JOHN/JANE DOES 1 - 10,<br><br>Defendants. | NO.  22-2-01086-34<br><br>COMPLAINT FOR DAMAGES – NEGLIGENCE, INTENTIONAL TORT, AND VIOLATION OF 42 USC 1983, et seq. |

COME NOW Plaintiffs herein, through their undersigned attorneys, and allege as follows:

I. PARTIES AND JURISDICTION

1.1   Plaintiff, Cameron Athay, is now, and at all times material hereto has been, incarcerated as an inmate with the Washington State Department of Corrections. At the time of the incident, he was housed at the Monroe Correctional Complex, in Snohomish County.

1.2   Plaintiffs Cameron and Jessica Athay are now, and were at all times material hereto, husband and wife. Ms. Athay resides in Grays Harbor County.

COMPLAINT FOR DAMAGES – NEGLIGENCE, INTENTIONAL TORT, AND VIOLATION OF 42 USC 1983, et seq. – Page 1

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

1.3 Defendant State of Washington is a governmental entity whose domicile for jurisdictional purposes is and was at all times material hereto located in Thurston County, Washington.

1.4 The Department of Corrections is a division or department of the State of Washington, with its residence for jurisdictional purposes being in Thurston County, Washington. Under the doctrine of *respondeat superior*, the State is liable for the conduct of its employees.

1.5 CO Matthew Cammer is and was at all times material hereto a corrections officer working for the Washington State Department of Corrections at the Monroe Correctional Complex. He was acting within the course and scope of his employment and under color of state law. He is sued in his individual capacity.

1.6 John/Jane Does 1-10 are individuals who were employed by the Washington State Department of Corrections at all times material hereto; or in the alternative were contractors or employees of contractors with the Department of Corrections at all times material hereto, whose names and true identities are at present unknown. Said Does may also include individuals deliberately indifferent to Mr. Athay's medical needs and/or responsible for creating and/or enforcing policy deliberately indifferent to the medical needs of inmates, including Mr. Athay. All were acting within the course and scope of their employment and under color of state law. All are sued in their individual capacity.

## II. FACTS

2.1 Plaintiffs re-allege each and every allegation contained in the preceding paragraphs.

2.2 On or about May 20, 2020, Plaintiff Cameron Athay was an inmate with the Washington State Department of Corrections.

2.3 Mr. Athay was returning from the gym/yard through a full-length turnstile being manually controlled by CO Cammer.

COMPLAINT FOR DAMAGES – NEGLIGENCE, INTENTIONAL TORT, AND VIOLATION OF 42 USC 1983, et seq. – Page 2

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

2.4 As Mr. Athay approached the turnstile, the turnstile's light was green, indicating inmates may pass through.

2.5 As Mr. Athay was partway through the turnstile, CO Cammer locked the turnstile, causing a metal bar to hit Mr. Athay in the face.

2.6 CO Cammer's actions were intentional and were taken with the intention of causing the turnstile to strike and trap Mr. Athay. Immediately after this incident, witnesses observed CO Cammer laughing or attempting to conceal a laugh.

2.7 CO Cammer's actions were also reckless and/or negligent, and he failed to exercise due care.

2.8 The premises in the immediate vicinity of the turnstile were defective and dangerous. The Department of Corrections failed to warn inmates, including Mr. Athay, of said condition and Mr. Athay's injury was reasonably foreseeable.

2.9 As a proximate cause of CO Cammer's actions and the foreseeable, defective, and dangerous conditions of the premises and/or the failure to warn of said condition, Mr. Athay suffered two fractured front teeth, in addition to neck and shoulder pain.

2.10 Despite numerous requests for dental treatment, the Department of Corrections has failed to provide Mr. Athay access to proper dental care and his teeth have not been properly repaired.

### III. LIABILITY

**FIRST CLAIM FOR RELIF**
**Common Law Negligence**
*Against all Defendants*

3.1 Plaintiffs re-allege each and every allegation contained in the preceding paragraphs.

3.2 Mr. Athay's injuries were the direct and proximate result of the negligence of the defendants. Said negligence included but was not limited to the unsafe condition of the

COMPLAINT FOR DAMAGES – NEGLIGENCE, INTENTIONAL TORT, AND VIOLATION OF 42 USC 1983, et seq. – Page 3

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

premises, the failure to warn Mr. Athay about the unsafe nature of the premises, and CO Cammer's poor decision making. Therefore, all Defendants are liable for negligence.

### SECOND CLAIM FOR RELIF
### Common Law Assault and Battery
*Against CO Cammer*

3.3 The above-described incident in which CO Cammer caused the metal bar in the turnstile to strike Mr. Athay's face was intentional, nonconsensual, and harmful and/or offensive and directly and proximately caused Mr. Athay's injuries. Therefore, CO Cammer is liable for the intentional torts of assault and battery.

### THIRD CLAIM FOR RELIF
### Civil Rights Claim for Physical Abuse and Excessive Use of Force
*Against CO Cammer*

3.4 42 U.S. §1983 and the Eighth Amendment to the U.S. Constitution protect inmates from cruel and unusual punishment, including physical abuse and excessive force.

3.5 CO Cammer physically abused and used excessive force against Mr. Athay in violation of his Eighth Amendments rights and directly and proximately caused Mr. Athay's injuries.

### FOURTH CLAIM FOR RELIF
### Civil Rights Claim for Cruel and Unusual Punishment and Denial, Delay, and Withholding of Medical Care
*Against Does 1-10*

3.6 42 U.S. §1983 and the Eighth Amendment to the U.S. Constitution protects a detainee's right to be free from cruel and unusual punishment, including the deprivation of minimal civilized necessities.

3.7 Does 1-10 have been deliberately and recklessly indifferent to Mr. Athay's serious medical needs in violation of his Eighth Amendment rights, by failing to provide adequate treatment for Mr. Athay's fractured teeth. As a result, Mr. Athay's pain, discomfort, and risk of future complications has been exacerbated.

COMPLAINT FOR DAMAGES – NEGLIGENCE, INTENTIONAL TORT, AND VIOLATION OF 42 USC 1983, et seq. – Page 4

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

3.8     These acts and omissions by Does 1-10 were conducted within the scope of their employment with the State and under color of law.

## IV.  DAMAGES

4.1     Plaintiffs re-allege each and every allegation contained in the preceding paragraphs.

4.2     As a direct and proximate result of the negligence of Defendants, Plaintiffs have sustained injuries and damages in the past, which continue presently and will continue in the future, which include, but are not limited to, physical injury, pain, suffering, disfigurement, and disability; mental and emotional distress and suffering, including depression; reduction in the capacity to enjoy life; future cost of medical care and medications; future loss of earnings and earning capacity; loss of consortium; and other general and special damages which will be proven at the time of trial.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, in amounts to be proven at trial, to fully and fairly compensate Plaintiffs for the damages set forth above, together with costs, attorney fees, pre- and post-judgment interest, and such other and further damages as are proven at trial and the Court deems just under the circumstances.

Plaintiff further specifically prays for judgement for attorney fees and punitive damages as provided for under 42 USC 1983, et seq

Dated this 3rd day of May, 2022.

KRUTCH LINDELL BINGHAM JONES, PS

/s/ J. Nathan Bingham
/s/ James T. Anderson
J. Nathan Bingham, WSBA #46325
James T. Anderson, WSBA #40494
Attorneys for Plaintiff

COMPLAINT FOR DAMAGES – NEGLIGENCE, INTENTIONAL TORT, AND VIOLATION OF 42 USC 1983, et seq. – Page 5

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823